Matter of Sporn (2018 NY Slip Op 03687)





Matter of Sporn


2018 NY Slip Op 03687


Decided on May 23, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2016-04684
2018-00069

[*1]In the Matter of Judith B. Sporn, an attorney and counselor-at-law. (Attorney Registration No. 1664515)



The respondent, Judith B. Sporn, was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 20, 1980. By order to show cause dated January 16, 2018, this Court directed the respondent to show cause why discipline should or should not be imposed upon her in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk, dated November 2, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



 In a separate disciplinary proceeding commenced under Appellate Division Docket No. 2016-04684, by decision and order on application of this Court dated January 20, 2017, the application of the Grievance Committee for the Tenth Judicial District to impose reciprocal discipline upon the respondent based on a memorandum decision of the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk, dated September 18, 2015, was held in abeyance, pending determination of the respondent's appeal of the memorandum decision. By decision and order on application dated July 21, 2017, this Court, upon receipt of notification of the affirmance of the memorandum decision by the Appellate Court of the State of Connecticut (see Disciplinary Counsel v Sporn, 171 Conn App 372, 157 A3d 108), and upon the respondent's request, referred the matter for a hearing.
Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for Grievance Committee for the Tenth Judicial District.



PER CURIAM.


OPINION & ORDER
By order dated November 2, 2017, the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk (hereinafter the Superior Court), accepted the respondent's resignation from the Connecticut Bar and waiver of the privilege of reapplying to the Bar of that state.
As revealed in a "Statewide Grievance Committee Report Pursuant to Practice Book § 2-52(b)," the respondent was the subject of 34 grievance complaints in Connecticut. The vast majority of the complaints alleged that the respondent had been retained to handle an immigration matter and thereafter failed to provide any legal services, failed to complete the matter, and/or failed to keep the client apprised of the matter.
In a "Resignation of Attorney Affidavit Pursuant to § 2-52(b)" dated August 26, 2017, the respondent acknowledged that she was submitting the affidavit knowingly, voluntarily, and of her own free will; that she had consulted with her attorney; and that she was fully aware of the consequences of her resignation and waiver. In addition, she acknowledged that she was aware that there currently were pending investigations into four grievance complaints: Morales-Perez v Sporn [*2](#15-0613), Encalada v Sporn (#15-0809), Drice v Sporn (#15-0775), and Christoffersen v Sporn (#16-0269), alleging violations of rules 1.1, 1.3, 1.4(a)(3), 1.15(e), 1.16(d), and 8.4(4) of the Rules of Professional Conduct.
The respondent further acknowledged that the Superior Court would enter a finding that she engaged in misconduct in each of the above matters with the acceptance of her resignation and waiver. Finally, although she denied some or all of the material facts alleged in the complaints, she acknowledged that there was sufficient evidence to prove, by clear and convincing evidence, material facts in each matter that constituted violations of rules 1.3, 1.4(a)(3), 1.15(e), and 8.4(4) of the Rules of Professional Conduct.
By order dated November 2, 2017, the Superior Court accepted the respondent's resignation and waiver.
Although a copy of this Court's order to show cause dated January 16, 2018, was served on the respondent by mail on January 23, 2018, the respondent, to date, has neither served a response nor requested additional time in which to do so.
Based on the foregoing, we find that reciprocal discipline is warranted based on the findings of the Superior Court. Acceptance of the respondent's resignation and waiver by the Superior Court is tantamount to a disbarment. Accordingly, we conclude that a disbarment is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Judith B. Sporn, is disbarred, effective immediately, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Judith B. Sporn, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Judith B. Sporn, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Judith B. Sporn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the disciplinary proceeding commenced under Appellate Division Docket No. 2016-04684 is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court